IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Criminal Action No. 21-59 (MN) |
| TAIKWAN PRITCHETT, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

At Wilmington, this 4th day of May 2023:

1. On March 2, 2023, the Court granted Defendant's Motion to Suppress Evidence (D.I. 31). (*See* D.I. 43). On March 15, 2023, Plaintiff filed a Motion for Reconsideration ("the Motion"). (*See* D.I. 45). Defendant Taikwan Pritchett opposes the Motion. (D.I. 47). On April 3, 2023, Plaintiff filed its reply. (*See* D.I. 48). For the reasons set forth below, IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration is DENIED.

2. The Federal Rules of Criminal Procedure do not explicitly provide for motions for reconsideration. *See United States v. Ortiz*, 741 F.3d 288, 292 n.2 (1st Cir. 2014); *United States v. Whittaker*, 201 F.R.D. 363, 373-74 (E.D. Pa.), *rev'd on other grounds*, 268 F.3d 185 (3d Cir. 2001). In practice, however, this Court has adopted Local Rule 7.1.5 for use in criminal cases. *See, e.g.*, *United States v. Nasir*, No. CR 16-15-LPS, 2018 WL 2247217, at *2 (D. Del. May 16, 2018), *aff'd*, 982 F.3d 144 (3d Cir. 2020), *cert. granted, judgment vacated on other grounds*, 142 S. Ct. 56 (2021); *United States v. Lopez*, No. CR 10-67 (GMS), 2014 WL 7149187, at *1 (D. Del. Dec. 15, 2014). A motion for reargument under Local Rule 7.1.5 is the "functional equivalent" of a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990). "The standard for obtaining relief

under Rule 59(e) is difficult to meet." *Butamax Advanced Biofuels LLC v. Gevo Inc.*, No. 12-1036-SLR, 2015 WL 4919975, at *1 (D. Del. Aug. 18, 2015); *see also* D. Del. LR 7.1.5 ("Motions for reargument shall be sparingly granted."). A court should exercise its discretion to alter or amend its judgment only if the movant demonstrates one of the following: (1) a change in the controlling law; (2) a need to correct a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

3. The Government moves for reconsideration on four separate grounds. The Court takes each in turn.

4. First, the Government contends that the Court made a clear legal error by not giving sufficient deference to Officers Williams' and Rosaio's ("the Officers") testimony that the seizure occurred in a "high crime" area. (D.I. 45 at 1). In the alternative, the Government requests that the Court reopen the record as to the high crime issue. (*Id.*). A finding that the area in question is high crime, however, would not impact the outcome of the Court's ruling. As the Court noted in its opinion, "even if the Court were to find that the area is high crime, the totality of the circumstances would not support a finding of reasonable suspicion." (D.I. 42 at 14 n.13). Therefore, the Government's argument is not proper grounds for the Court to reconsider the ruling or reopen the record. *See Taggart v. Wells Fargo Bank, N.A.*, No. CV 16-00063, 2017 WL 3217396, at *1 (E.D. Pa. July 28, 2017) (a motion for reconsideration may not be used to "advance arguments that would not change the result of the court's initial ruling").

5. Furthermore, the Government has not established the need to correct a clear legal error. The Government takes issue with the fact that the Court found the Officers' vague testimony regarding criminal activity in the area in question insufficient to support a finding of reasonable

suspicion. The Government states that the Court improperly "required [the Government] to introduce objective criteria to establish" that the area is high crime. (*Id.*). In order to establish reasonable suspicion, however, officers must have "some minimal level of objective justification for making the stop" and be able to "point to specific and articulable facts." *United States v. Thompson*, 772 F.3d 752, 758 (3d Cir. 2014) (quoting *United States v. Sokolow*, 490 U.S. 1, 7 (1989)) (internal quotation marks omitted); *Johnson v. Campbell*, 332 F.3d 199, 205 (3d Cir. 2003) (quoting *Terry v. Ohio*, 392 U.S. 1, 21 (1968)) (internal quotation marks omitted). Here, the testimony offered failed to meet this standard. (*See* D.I. 42 at 8-10). Although courts must give deference to officers, "blind deference is not owed." *United States v. Golab*, 325 F.3d 63, 68 (1st Cir. 2003); s*ee also United States v. Alvin*, 701 F. App'x 151, 156 (3d Cir. 2017). The caselaw cited by the Government does not addresses the degree of evidence required to make this showing and thus does not support its contention that the vague officer testimony in this case was sufficient to establish that the area in question is high crime. (*See* D.I. 45 at 7 (citing *Illinois v. Wardlow*, 528 U.S. 119 (2000); *United States v. Graves*, 877 F.3d 494 (3d Cir. 2017); *United States v. Valentine*, 232 F.3d 350 (3d Cir. 2000))).

6. Second, the Government argues that the Court made a clear legal error in lessening the deference given to the Officers' testimony based on contradictions in the testimony. The Government states that the Officers' "testimony concerning the initial direction Defendant faced [did not] undermine[] the deference owed to their belief Defendant was armed." (D.I. 45 at 8). Both Officers testified, however, that Defendant's conduct of looking towards the unmarked vehicle, "blading" his body, pulling the woman close to his side and walking away from the vehicle led them to believe that he was armed. (*See* D.I. 34 at 12:24-15:15 & 66:20-67:14). The Officers' testimony differed with respect to whether Defendant merely slightly turned his body and

continued walking in the same direction after looking towards the Officers' unmarked vehicle or whether he turned around 180 degrees and began walking the opposite direction after looking at the unmarked vehicle. (*See* D.I. 42 at 2 & 2 n.5). This distinction is thus directly relevant to whether Defendant reasonably appeared to be going about his business or whether he reasonably appeared to be evading police presence due to being in possession of a firearm. Furthermore, both Officers' testimony referenced the same point in time, *i.e.* the point at which Defendant looked towards their vehicle and was not in reference to different points in time as the Government contends. (*See* D.I. 34 at 12:24-13:16, 35:9-37:8, 67:1-10 & 73:20-76:1). The Government cites to no law that suggests it is clear legal error for a court to take account of material discrepancies in assessing witness testimony. Rather, in its role as factfinder, the Court must do so.

7. Third, the Government argues that the Court made a clear error of fact "when it concluded that the record contained no evidence that the Officers had a reason to believe Defendant was personally aware of their presence in a police vehicle." (D.I. 45 at 2). The Government takes issue with the fact that the Court stated, "there is no evidence on record that the Officers knew that Defendant himself was aware that the vehicle was an unmarked police vehicle." (D.I. 42 at 14). "Rather," the Court noted, "[the Officers] merely testified broadly about being recognized in the area in general." (*Id.*). The Government then cites to testimony related to the person whom the Officers believed to be a "lookout" as well as Defendant's furtive movements made in the presence of the unmarked vehicle to argue that there is sufficient circumstantial evidence to support a finding that Defendant knew the unmarked vehicle was a police vehicle. (*See* D.I. 45 at 9). The Court, however, was merely noting that the Government had not put forth evidence that the Officers had personal knowledge that Defendant himself was in fact aware of what unmarked police vehicles looked like in the area, an issue that is distinct from whether the Government put

forth circumstantial evidence that may suggest Defendant was responding to police presence. In its Motion for Reconsideration, the Government does not cite to any evidence that the Officers possessed this knowledge.[1] Therefore, there is no clear factual error.

8.      Finally, the Government contends that the Court made a clear error of law by not considering Officer Williams's knowledge that Defendant did not live at the residence as part of its analysis. The Government takes issue with the fact that the Court only mentions the fact that Officer Williams testified that he knew Defendant did not live in the residence in assessing whether the Officers had reasonable suspicion that Defendant was trespassing, and therefore contends that the Court failed to consider this fact in assessing the Officers' reasonable suspicion with respect to whether Defendant was armed as well. (*See* D.I. 45 at 10). As noted in the Court's opinion, the evidence failed to suggest that Defendant was unwelcome in the residence and rather seemed to point the other way. (*Id.*). The fact that Officer Williams testified that he knew Defendant did not live in the residence thus would not impact the Court's finding that the Officers lacked reasonable suspicion that Defendant was armed. *See Taggart*, 2017 WL 3217396, at *1 (a motion for reconsideration may not be used to "advance arguments that would not change the result of the court's initial ruling").

---

[1]     To the extent that the Government is arguing that the Court should make a factual finding that other evidence cited shows that Defendant knew the police were in that car, the Court addressed the testimony about furtive movements in its original opinion. To the extent that the Government now relies on the lookout, the Government did not rely on that individual's conduct to support a finding of reasonable suspicion in the original briefing, and it offers no explanation as to why it would be appropriate to raise it for the first time in connection with a motion for reconsideration. *See A.K. Stamping Co. v. Instrument Specialties Co.*, 106 F. Supp. 2d 627, 665 (D.N.J. 2000) ("[A] motion for reargument or reconsideration does not offer losing litigants a second bite at the apple."); *see also United States v. Navedo*, 694 F.3d 463, 468 (3d Cir. 2012) ("The reasonable suspicion required under *Terry* is specific to the person who is detained . . . The Supreme Court has never viewed *Terry* as a general license to detain everyone within arm's reach of the individual whose conduct gives rise to reasonable suspicion."). !!!

THEREFORE, for the foregoing reasons, Plaintiff's Motion for Reconsideration (D.I. 45) is DENIED.

_____
The Honorable Maryellen Noreika
United States District Judge